MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOSHUA HILL (CABN 250842)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3740
   Facsimile:  (510) 637-3724
   E-Mail:     Joshua.Hill2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-10-0542 SBA |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | ) | Date: September 14, 2011 |
| CATHERINE BULLARD, | ) | Time: 10:00 a.m. |
| Defendant. | ) | Honorable Saundra Brown Armstrong |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Joshua Hill, hereby submits its sentencing memorandum.

## I.    Introduction

Catherine Bullard is a thief.  While working as a bookkeeper for three small business owners, Bullard took advantage of her employers' naivete to embezzle money for her own personal use.  By stealing small amounts of money over and over again for a period of years, Bullard's crime caused substantial losses - both financial and psychological.  Therefore, pursuant to the terms of the proposed plea agreement, the government respectfully requests that Bullard be sentenced to 27 months' imprisonment, five years of supervised release, and be ordered to pay a $100 special assessment and restitution.

GOVERNMENT'S SENT. MEM.
No. CR-10-0542 SBA                                -1-

## II.     Guidelines Calculation

The Probation Office concurs with the parties' Sentencing Guidelines calculation set forth in the proposed plea agreement. PSR ¶¶ 16-33. Because defendant falls within criminal history category I (PSR ¶ 37), the resulting Sentencing Guidelines range for total offense level 18 is 27 to 33 months' imprisonment. PSR Sentencing Recommendation at 1. The parties have agreed to a sentence at the low end of the Guidelines range.

## III.    Sentencing Argument

### A.     Law

As established in *United States v. Booker*, 543 U.S. 220, 220 (2005), the Sentencing Guidelines are no longer mandatory, only advisory. Nonetheless, sentencing proceedings are to begin by determining the applicable Guidelines range. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). In this sense, the guidelines are "the 'starting point and the initial benchmark,'" *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)), and "are to be kept in mind throughout the process." *Gall*, 552 U.S. at 50 n.6. Sentencing courts must consider, in addition to the Guidelines, the factors set forth in 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense and the history of the defendant, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. Because of that, it is "procedural error" if the district court fails to calculate – or calculates incorrectly – the applicable Guidelines range; treats the guidelines as mandatory instead of advisory; fails to consider the § 3553(a) factors; chooses a sentence based on clearly erroneous facts; or fails adequately to explain the sentence selected, including any deviation from the Guidelines range. *See Carty*, 520 F.3d at 993. To determine the substantive reasonableness of a sentence, courts examine "the totality of circumstances." *Id.* If a sentence is within the Guidelines range, "it is probable that it is reasonable." *Rita v. United States*, 551 U.S. 338, 351 (2007).

//

//

### B. Analysis

As the victim impact statements in this case make clear, Bullard's actions had emotional as well as financial consequences for the victims. The victims treated Bullard like family, and Bullard used that trust to commit a completely premeditated crime. Bullard stole from these women day after day without any remorse until she was caught red-handed. Bullard simply deposited checks meant for third party vendors into her own personal bank account. Nobody stopped her because nobody knew what she was doing. Bank of America has not accepted any responsibility for allowing Bullard to deposit checks that were not written out to her. Indeed, often in this type of case, the bank would have compensated the underlying victims, and the bank would have then sought restitution from the defendant. In this case, as far as the government knows, Bank of America has refused to reimburse the victims for their losses. Thus, Bullard's actions should be considered even more egregious, given that her theft represents a significant percentage of the victims' income.

In imposing a sentence, 18 U.S.C. § 3553(a)(1) instructs the Court to consider the "nature and circumstances of the offense" and the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The Court's punishment should also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1)(B). To be sure, a sentence greater than 27 months could be justified. After consulting with the victims, however, the government concluded that the custodial sentence should allow Bullard to begin paying restitution as soon as possible. As the Probation Office stated, "it is more important that Bullard . . . begin working to re-pay her victims." PSR Sentencing Recommendation at 2. Accordingly, a 27-month sentence should afford adequate deterrence to future criminal conduct, and also protect the public from the defendant's ongoing criminal behavior.

//
//
//
//

GOVERNMENT'S SENT. MEM.
No. CR-10-0542 SBA                        -3-

IV. **Conclusion**

For the foregoing reasons, taking into consideration the relevant provisions of the Sentencing Guidelines and 18 U.S.C. § 3553(a), the government respectfully requests that the Court sentence defendant to a reasonable and appropriate sentence of 27 months' imprisonment, five years of supervised release, a $100 special assessment, and restitution as set forth in the plea agreement.

DATED: September 6, 2011                    Respectfully submitted,

                                            MELINDA HAAG
                                            United States Attorney


                                            _____/S/_____
                                            JOSHUA HILL
                                            Assistant United States Attorney