BARRY J. PORTMAN
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500
Fax: (510) 637-3507
Email: ellen_leonida@fd.org

Counsel for Defendant
CATHERINE BULLARD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| UNITED STATES OF AMERICA, | CR 10-00542 SBA |
|---|---|
| Plaintiff, | **DEFENDANT'S AMENDED SENTENCING MEMORANDUM** |
| v. | |
| CATHERINE BULLARD, | HON. SAUNDRA BROWN ARMSTRONG |
| Defendant. | Date: Sept. 14, 2011<br>Time: 10:00 a.m. |

## I. INTRODUCTION

Ms. Bullard comes before this court intending to plead guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343 and two counts of bank fraud, in violation of 18 U.S.C. § 1344. Ms. Bullard respectfully requests that the Court sentence her to twenty-seven months imprisonment, as provided in her Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement with the government. Ms. Bullard, the government, and the probation officer concur that this sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing as articulated in 18 U.S.C. § 3553(a).

## II. BACKGROUND

Catherine Bullard was raised in a loving, close-knit family. Although not well off financially, Charles and Judith Bullard taught their daughters the importance of giving back to their community from an early age. These lessons were taken to heart by Ms. Bullard, who, as an adult, has been a source of financial, spiritual, and emotional support for her entire family. (Pre-Sentence Investigation Report, ¶¶ 39-42; Exhibit E, Letter of Charles Bullard; Exhibit F, Letter of Jennifer Bullard; Exhibit G, Letter of Judith Bullard; Exhibit H, Letter of Victoria Bullard; Exhibit R, Letter of Trudy Link)

Ms. Bullard's family and friends describe her as a caring person who has never hesitated to help friends or strangers. More than twenty people have submitted letters attesting to her kindness and generosity. They describe a woman who opens her home to friends in need and offers financial assistance in times of crisis. Ms. Bullard even organized a wake for a friend's father. (Exhibit I, Letter of Dayna Carlson; Exhibit J, Letter of Thomas Cryer; Exhibit P, Letter of Crystal Higgins; Exhibit S, Letter of Lorie Lucas; Exhibit W, Letter of Lauma Simon) Eileen DeGrazia's opinion of Ms. Bullard is shared by many:

> [Catherine Bullard] is caring, loving and generous and it shows in everything she does. Whenever someone is in need of anything, whether it is an ear to listen to their troubles, a place to stay or money

to buy some food, she is always giving of herself.

(Exhibit K, Letter of Eileen DeGrazia)  In addition to offering assistance on a personal level, Ms. Bullard has donated her time to various charities, serving as the treasurer of one non-profit organization and volunteering at many others.  (Exhibit C, Letter of Patrick Amatrone; Exhibit D, Letter of Sharon Amittone; Exhibit L, Letter of Christopher Dobbins; Exhibit X, Letter of Tracy Sponsel; Exhibit Y, Letter of Lindy Young)

Primary among Ms. Bullard's charitable activities is her membership in Beta Sigma Phi, a philanthropic service organization with which she has been involved her entire life.  Beta Sigma Phi has raised thousands of dollars for charities, including the Cystic Fibrosis Foundation, the Lupus Foundation of Northern California, Kidney Research at Stanford, and the United Scleroderma Foundation.  Members also frequently donate their time, volunteering at animal shelters and feeding the homeless.  Ms. Bullard has exemplified the values of that organization, consistently volunteering and throwing herself wholeheartedly into the charitable works of Beta Sigma Phi.  Through Beta Sigma Phi, Ms. Bullard has volunteered at shelters, made packages for soldiers serving overseas, and worked with school children with special needs.  In recognition of her extraordinary service, Ms. Bullard has received almost every honor the organization bestows.  (PSR ¶ 42; Exhibit B, Letter of Kirsten Amatrone; Exhibit O, Letter of Cece Heimans; Exhibit T, Letter of Carlynn O'Neill; Exhibit U, Letter of Georgina Pires; See also Ex. D; Ex. H)

Ms. Bullard also spends much of her time caring for her mother, who has been gravely ill for almost ten years.  Judith Bullard has been on dialysis for the past six years and has gone through a kidney transplant and subsequent rejection.  Ms. Bullard has been instrumental in taking care of her during this time.  Since her mother has been ill Ms. Bullard has provided much needed financial support for her parents as well.  (PSR ¶ 39; Exhibit V, Letter of Cynthia Sams; Ex. G; Ex. O)

### III. OFFENSE CONDUCT

In this case, Ms. Bullard embezzled money from her employers while working as a

bookkeeper. (PSR ¶¶ 6-7) She expressed remorse and accepted responsibility for her actions. (PSR ¶16; Exhibit A, Letter of Catherine Bullard) Ms. Bullard has expressed her feelings of shame, regret, and guilt to numerous friends and family members. (See Ex. C; Ex. D; Ex. F; Ex. G; Ex. H; Ex. I; Ex. J; Ex. O; Ex. P; Ex. S; Ex. W; Ex. X)

Unfortunately, Ms. Bullard's desire to help others may have contributed to the conduct which brings her before this court. As Dr. Adrienne Kryor writes:

> I have observed over the years that whenever she was in the presence of anyone who had a need or desire, she would quickly offer assistance, be it transportation, finances or her time. She has a caring heart and it seems to give her great gratification to know that she has been instrumental in helping other. It's unfortunate that no one was aware that she would go to the lengths of embezzling money to meet the desires and needs of people.

(Exhibit Q, Letter of Adreinne Kryor) This sentiment was echoed by many others. (See Ex. F; Ex. G; Ex. H; Ex. J; Ex. O)

Despite her misconduct in this case - and with full awareness of it - Ms. Bullard's current employers have written letters supporting her. (Exhibit M, Letter from David & Deanna Estep; Exhibit N, Letter of Remy Fortier; Ex. L)

## IV. THE PROPOSED SENTENCE OF TWENTY-SEVEN MONTHS IMPRISONMENT IS APPROPRIATE

The proposed sentence of twenty-seven months imprisonment is reasonable. In determining an appropriate sentence, the court must look to the factors set forth in 18 U.S.C. § 3553, among them the applicable sentencing guideline calculation. *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *United States v. Autery*, 555 F.3d 864, 872 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The court's paramount concern must be to "'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Carty*, 520 F.3d at 991. Applying the relevant factors to Ms. Bullard's case compels the

conclusion that a sentence of twenty-seven months imprisonment is sufficient to satisfy the objectives of section 3553(a).

The applicable sentencing guidelines reflect the nature and circumstances of the offense Ms. Bullard committed and the lower end guideline sentence of twenty-seven months imprisonment is appropriate for her. *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(4); U.S.S.G. §§ 2B1.1, 3B1.3. Ms. Bullard is accepting responsibility not only for the embezzlement that she committed but also for abusing her position of trust in the businesses in which she worked. The resulting guideline sentence is sufficiently severe, especially for a person who has never been in custody before.

Consideration of Catherine Bullard's history and characteristics similarly supports a sentence at the low end of the guideline range. Family and friends describe Ms. Bullard as kind, caring, and always striving to help others. She is a mentor to her siblings, a source of support for her parents, and a kind, reliable friend. She also has an impressive history of volunteer work, having tirelessly donated her time and energy to Beta Sigma Phi, as well as other charitable organization, throughout her entire life.

Section 3553(a)(2) further requires the court to consider the need for the sentence imposed: (1) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (2) to adequately deter criminal conduct; (3) to protect the public; and (4) to provide the defendant with necessary training, education, or treatment. 18 U.S.C. § 3553(a)(2). Twenty-seven months imprisonment would achieve all of these goals. The proposed sentence would adequately reflect the seriousness of the offense, as the applicable guidelines account for the criminal conduct as well as Ms. Bullard's position within the affected businesses. Twenty-seven months would also serve as a strong deterrent to Ms. Bullard, who has no criminal history whatsoever and has never been in custody. Finally, Catherine Bullard does not pose a danger so the goal of protecting the public would also be met by the proposed sentence.

**IV. CONCLUSION**

Ms. Bullard joins the government and probation in requesting that the Court sentence her to twenty-seven months in the custody of the Bureau of Prisons. In light of her family and community ties to the Bay Area, Ms. Bullard further requests a recommendation for local designation.

Dated: September 6, 2011

                                              Respectfully submitted,

                                              BARRY J. PORTMAN
                                              Federal Public Defender

                                                      /S/

                                              ELLEN V. LEONIDA
                                              Assistant Federal Public Defender